**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON**

**CIVIL ACTION NO. 12-127-JMH-CJS**

**KELLY WAYNE GREENWELL**                                                                                   **PETITIONER**

**v.**                               **REPORT AND RECOMMENDATION**

**COOKIE CREWS, Warden
Kentucky State Reformatory**                                                           **RESPONDENT**

* * * * * * * * * * * *

On April 16, 2012, Kelly Wayne Greenwell, pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (R. 1).[1]  On June 15, 2012, Respondent filed a Motion to Dismiss based on the statute of limitations, attaching all relevant documents from the state proceedings.  (R. 5).  Despite having been given the opportunity to do so, Petitioner has not filed a response to the Motion to Dismiss (see R. 6), and the time to do so has now expired.  Accordingly, the matter is ripe for review.

Review of all relevant documents reveals that Greenwell's Petition is time-barred.  Therefore, for the reasons that follow, it is herein recommended that Greenwell's Petition be **denied.**

---

[1]Petitioner is not entitled to the application of the mailbox rule because despite Greenwell's statement that he mailed the Petition to the Clerk of Court on April 16, 2012, the envelope reflects a postmark from Naples, Florida on April 23, 2012.  Because he was incarcerated in Kentucky, it is unlikely, given the postmark, that Petitioner placed the Petition in the institution's legal mail for filing as required to obtain the benefit of Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. Nevertheless, the Court will give the Petitioner the benefit of the doubt; in applying the prisoner mailbox rule, the Court will deem the habeas petition to have been filed on April 16, 2012.  *Houston v. Lack*, 487 U.S. 266, 273 (1988); Rule 3(d) of Rules Governing Section 2254 Cases in the United States District Courts.

I.    **ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner has only one year in which to file a federal petition for writ of habeas corpus.  See 28 U.S.C. § 2244(d).  The AEDPA statute of limitations begins to run from the latest of four circumstances:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The circumstance applicable here is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The one-year period of limitations is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run."  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

In this case, on July 14, 2005, a Nelson County, Kentucky, Circuit Court jury convicted Greenwell of attempted murder and first-degree robbery.  (R. 1, at 1).  On July 21, 2005, the trial court sentenced Greenwell to a forty-year term of imprisonment.  (Id.; R. 5-5, at 1).  Greenwell filed

a direct appeal, and on May 24, 2007, the Kentucky Supreme Court affirmed his conviction. (R. 5-5); *Greenwell v. Commonwealth*, No. 2005-SC-000629-MR, 2007 WL 1532658 (Ky. May 24, 2007).

Greenwell does not assert that he sought certiorari in the United States Supreme Court. If a petitioner does not seek certiorari in the United States Supreme Court, his judgment becomes final, for purposes of the statute of limitations under the AEDPA, in ninety days, which is when the time permitted for filing a petition for certiorari expires. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (Jan. 10, 2012); *see* 28 U.S.C. § 2101(d) (incorporating Rules of United States Supreme Court); Sup. Ct. R. 13(1). Here, Greenwell's one-year period of limitations began to run on August 23, 2007, the ninety-first day after the Kentucky Supreme Court affirmed his conviction. *Id*.

On April 21, 2008, after 243 days of his limitations period had expired, Greenwell sought post-conviction relief by filing a Motion to Vacate pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42. (R. 5-5, at 8). Since the time during which a properly filed application for state post-conviction relief is pending tolls the limitations period, *see* 28 U.S.C. § 2244(d)(2), Greenwell's limitation period did not begin to run again until August 18, 2011, the date the Kentucky Supreme Court denied Greenwell's Petition for Discretionary review of the Kentucky Court of Appeals' decision affirming the Circuit Court's denial of his RCr 11.42 motion.[2] (R. 5-6, at 41). Accordingly, to be timely, Greenwell's § 2254 Petition had to be filed no later than December 19, 2011,[3] a date he exceeded by 119 days. Therefore, Greenwell's § 2254 petition is time-barred.

---

[2]Petitioner also filed a CR 60.02 Motion in the Nelson Circuit Court, which was denied on February 22, 2010. (R. 5-6). Since the timing of the CR 60.02 Motion was within the tolling period of Petitioner's 11.42 Motion, the filing of the CR 60.02 Motion does not affect the calculation of the statute of limitations.

[3]The statute of limitations expired on December 18, 2011; however, the 122nd day being a Sunday, he had until the next business day, December 19, 2011, to file a timely petition. Fed. R. Civ. P. 6(a)(1)(C).

In addition, there is no basis for equitable tolling of the statute of limitations in this case, to the extent that Greenwell may seek it. The Supreme Court has held that the statute of limitations in § 2254 cases is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560 (2010). Equitable tolling permits a court to toll a statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robinson v. Easterling,* 424 F. App'x 439, 442 (6th Cir.), *cert. denied* __ U.S. __, 132 S. Ct. 456 (2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Courts grant equitable tolling "sparingly." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012), *petition for cert. filed* (May 10, 2012) (No. 11-10290). The petitioner bears the burden of showing that he is entitled to equitable tolling by demonstrating: 1) "that he has been pursuing his rights diligently," and 2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562; *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011), *petition for cert. filed* (Apr. 25, 2012) (No. 11-10643, 11A869).

Here, Greenwell offers no grounds that could trigger the doctrine of equitable tolling. Greenwell used a 2002 version of form AO-241, which does not contain the paragraph seeking an explanation about the untimeliness of a petition filed more than a year after a conviction became final. *See Jones v. Hamidullah*, 2005 WL 3298966 (D.S.C. Dec. 5, 2005) (explaining AO-241 form was revised in December 2004 to notify petitioners of the statute of limitations and require an explanation of why the statute of limitations does not bar the petition). Nevertheless, this Court gave Petitioner the required notice and an opportunity to be heard on the issue when it provided him thirty days to respond to Respondent's Motion to Dismiss on the issue of the statute of limitations. (R. 6). Greenwell has failed to respond to provide any circumstances, let alone extraordinary ones,

warranting equitable tolling.  Therefore, on the record before the Court, equitable tolling is not applicable and Greenwell's Petition is time-barred.

Lastly, Greenwell also requests an evidentiary hearing in this matter.  (R. 1-1, at 32).  However, the Petition is time-barred, and no evidentiary hearing is necessary.  *See* Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

## II.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant.  A certificate may issue only if a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id*.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

In this case, reasonable jurists would not debate the denial of Petitioner's § 2254 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further.  *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, it is

recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

### III.     CONCLUSION AND RECOMMENDATIONS

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1)     Greenwell's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (R. 1) be **denied**;

(2)     Respondent's Motion to Dismiss (R. 5) be **granted**;

(3)     this case be **dismissed and stricken** from the active docket of this Court; and,

(4)     a Certificate of Appealability be **denied** by the District Court in conjunction with the Court's entry of its final order in this matter.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived.  Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd,* 474 U.S. 140, 155 (1985).  A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991)).  Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  *Howard*, 932 F.2d at 509.  A party may respond to another party's objections within fourteen (14) days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Dated this 17th day of August, 2012.



Signed By:

**_Candace J. Smith_**

**United States Magistrate Judge**

G:\DATA\habeas petitions\2254PrelimsSOL\12-127- R&R MTD.wpd